# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 98-3399

—————

Peter Predka,                                    \*
                                                 \*
           Appellant,                            \*
                                                 \*   Appeal from the United States
     v.                                          \*   District Court for the
                                                 \*   Southern District of Iowa
State of Iowa,                                   \*
                                                 \*
           Appellee.                             \*

—————

Submitted:  March 9, 1999

Filed:  August 4, 1999

—————

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
     SACHS,[1] District Judge.

—————

McMILLIAN, Circuit Judge.

Peter Predka appeals from a final order entered in the United States District Court[2] for the Southern District of Iowa denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Predka v. Iowa, No. 4–97–CV–80196 (S.D. Iowa Aug.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

14, 1998) (order). For reversal, Predka argues that the district court erred in holding the state drug tax stamp law, Iowa Code ch. 453B, did not violate the Commerce Clause. U.S. Const. art. I, § 8, cl. 3. For the reasons discussed below, we disagree and affirm the judgment of the district court.

## JURISDICTION

The district court had subject matter jurisdiction over this habeas petition pursuant to 28 U.S.C. §§ 1331, 1651, and 2254. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. Predka filed a timely notice of appeal on September 1, 1998, Fed. R. App. P. 4(a), and his application for a certificate of appealability was granted pursuant to 28 U.S.C. § 2253(c) on September 9, 1998.

## BACKGROUND FACTS

Predka is a Utah resident. On July 16, 1994, he was driving through Des Moines on Interstate 80. Deputy Craig Brooks of the Polk County Sheriff's Office, stopped Predka near Altoona, Iowa, for speeding and not wearing a seat belt. Brooks searched the car and found and seized about 140 pounds of marijuana and $2,147.00 in cash. Predka was arrested and charged with possession of marijuana with intent to deliver and failure to have a drug tax stamp. The state also served Predka with notice of forfeiture of his car and the cash. Predka filed a motion to suppress the evidence seized and a motion to dismiss the drug tax stamp charge on Commerce Clause grounds. In October 1994 the state trial court entered judgment forfeiting the car and the cash. Predka then filed a motion to dismiss the criminal prosecution on double jeopardy grounds. The state trial court denied all the motions. A jury found Predka guilty on both counts, and the state trial court sentenced him to imprisonment for a period not more than 10 years on the drug count and 5 years on the drug tax stamp count. The state trial court later reconsidered the sentence and placed him on probation.

The state supreme court affirmed the conviction and sentence on direct appeal. State v. Predka, 555 N.W.2d 202 (Iowa 1996).

Predka filed a petition for habeas relief in federal district court, asserting that the criminal prosecution following the forfeiture of his property violated the Double Jeopardy Clause. The district court denied the petition. This court affirmed the denial of habeas relief. Predka v. Polk County District Court, 100 F.3d 959 (8th Cir. 1996) (table). Appellant then filed this habeas petition, asserting that the state drug tax stamp law violated the Commerce Clause. The district court denied the petition, agreeing with the analysis of the state supreme court that contraband, including marijuana, is not protected by the Commerce Clause from taxes like that imposed by the state drug tax stamp law. See slip op. at 3, citing State v. Predka, 555 N.W.2d at 213-14 (holding, among other things, that marijuana was not a proper article of commerce subject to protection under the Commerce Clause because it was contraband). This appeal followed.

DISCUSSION

Predka argues that the district court erred in denying his petition for habeas relief because the state drug tax stamp law interferes with an article in interstate commerce in violation of the "dormant" Commerce Clause. He argues that because he was traveling through Iowa en route to the East Coast, the marijuana was merely an item of commerce in transit which cannot be taxed by the state, citing Bowman v. Chicago & N.W. Ry., 125 U.S. 465 (1888). He argues that merely labeling an item of commerce as contraband does not necessarily remove it from commerce, because the Supreme Court has held that "[a]ll objects of interstate trade merit Commerce Clause protection; none is excluded by definition at the outset." City of Philadelphia v. New Jersey, 437 U.S. 617, 623 (1978). He also argues that the state's decision to impose a tax on controlled substances in effect makes controlled substances a legal item of commerce. Predka argues that the state cannot constitutionally impose the drug tax on

property in transit and therefore cannot prosecute him for failing to comply with an unconstitutional law. We disagree.

"Despite the express grant to Congress of the power to 'regulate Commerce . . . among the several States,' U.S. Const. art. I, § 8, cl. 3, [the Supreme Court has] consistently held this language to contain a further, negative command, known as the dormant Commerce Clause, prohibiting certain state taxation even when Congress has failed to legislate on the subject." Oklahoma Tax Comm'n v. Jefferson Lines, Inc., 514 U.S. 175, 179 (1995). The dormant Commerce Clause prevents "a State from retreating into economic isolation or jeopardizing the welfare of the Nation as a whole, as it would do if it were free to place burdens on the flow of commerce across its borders that commerce wholly within those borders would not bear." Id. at 180.

First, it is apparently true that, as Predka argues, at the time he was stopped, he was merely traveling through Iowa. However, the state courts and the federal district court made no finding that Predka and the marijuana were merely "in transit." The state courts and the federal district court assumed that fact for purposes of analysis. There is no evidence in the record that Iowa was not the ultimate destination of the marijuana. For this reason, we hold that Predka's "in transit" argument fails for lack of proof.

Even assuming for purposes of analysis that the marijuana was in transit, Predka's Commerce Clause argument must fail because the marijuana was contraband, that is, property that is unlawful to possess, and as such not an object of interstate trade protected by the Commerce Clause. We agree with the state supreme court that "property which is subject to seizure under the state's police power cannot be regarded as a proper article of commerce protected by the Commerce Clause." Predka v. State, 555 N.W.2d at 213, citing Ziffrin, Inc. v. Reeves, 308 U.S. 132, 139 (1939) (rejecting Commerce Clause challenge to state statute making it unlawful to possess intoxicants

-4-

except under very limited circumstances and declaring unlawfully possessed intoxicants contraband); see Crutcher v. Kentucky, 141 U.S. 47, 60 (1891) (noting that "things which in their nature are so deleterious or injurious to the lives and health of the people as to lose all benefit of protection as articles or things of commerce . . . are properly subject to the police power of the state"). Under state law marijuana is a controlled substance, Iowa Code § 124.401, which, if unlawfully possessed, is subject to seizure and forfeiture. Id. § 124.506(1). State law makes it unlawful to possess with intent to deliver a controlled substance. Id. § 124.401(1).

Bowman v. Chicago & N.W. Ry. is distinguishable because it did not involve contraband. See 125 U.S. at 498 (noting state statute which prohibited common carrier from transporting alcohol into state without first receiving state certificate was "not a law to regulate or restrict the sale of an article deemed to be injurious to the health and morals"). Similarly, City of Philadelphia v. New Jersey did not involve contraband. The "article of commerce" at issue in that case was out-of-state trash. Trash may be, as the state court described it, "valueless." See 437 U.S. at 622. However, even trash is not necessarily "innately harmful," at least not in the way that items infected with disease or otherwise contaminated are, see id. (citing Bowman v. Chicago & N.W. Ry., 125 U.S. at 189), and it is certainly not contraband.

Finally, contrary to Predka's argument, the state drug tax stamp law does not treat marijuana as a legal, taxable item. The state drug tax stamp law imposes a tax on unlawful drug trafficking. See

Brady, 430 U.S. 274 (1977).  In light of our holding that the marijuana is contraband and thus not an object of interstate trade protected by the Commerce Clause, we need not address this argument.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.